20780. ALMOND, executor, *v.* MOBLEY, superintendent of banks.

DECIDED DECEMBER 19, 1930.

*Raymonde Stapleton, W. A. Slaton,* for plaintiff in error.
*Tutt & Brown,* contra.

BROYLES, C. J. The superintendent of banks, on April 7, 1927, issued an execution against Mrs. S. A. E. Almond, for the purpose of enforcing her alleged liability as a stockholder of Elberton Loan & Savings Bank, then in possession of the superintendent of banks for the purpose of liquidation under the banking act of 1919. On December 7, 1927, the execution was levied on certain lands "as the property of Mrs. S. A. E. Almond, deceased, now in the hands of G. L. A. Almond, as executor of the last will and testament of Mrs. S. A. E. Almond, deceased." The executor filed an affidavit

of illegality upon several grounds going to the merits of the case and also upon the ground that the execution was levied within twelve months from the time of the qualification of the executor. The case was submitted to the judge, without a jury, on an agreed statement of facts, and, the judgment being in favor of the plaintiff in fi. fa., the executor excepted. This court passed upon the questions raised in all of the grounds of the affidavit of illegality (except those grounds abandoned by the plaintiff in error), and held that there was no merit in any of the grounds except the one setting up that the execution had been levied within twelve months of the executor's qualification, and reversed the judgment of the trial court solely upon that ground, holding that "the court erred in not sustaining the affidavit of illegality to the extent of ordering the levy to be dismissed. This ruling, however, will not affect the validity of the execution itself." *Almond* v. *Mobley,* 40 *Ga. App.* 305 (149 S. E. 293). Subsequently the superintendent of banks dismissed the levy and had the execution again levied on the same property, and the executor filed another affidavit of illegality, and the issues thus raised came on for trial before a jury. The defendant in execution introduced his evidence, and then the plaintiff in execution introduced in evidence, without objection, the execution, the levy, and the former affidavit of illegality, and made a motion to dismiss the second affidavit of illegality, upon the ground that all the grounds of illegality raised by the second affidavit of illegality were either known, or by the exercise of reasonable diligence could have been known, at the time of the filing of the first affidavit of illegality, and, therefore, that the second affidavit of illegality could not be maintained. Thereupon the court directed a verdict against the executor on all the questions raised by the affidavit of illegality except the question raised by paragraph (d) of the affidavit, which was that the superintendent of banks had in his hands at the time of the levy of the execution assets sufficient to pay all the debts of the bank. That single question was submitted to the jury, and a verdict in favor of the plaintiff in execution was returned. A motion for a new trial was overruled, and exceptions taken to that judgment.

Under the ruling in the headnote, the judge did not err in directing the verdict as stated above. Indeed, he could have properly directed a finding against the executor on all the questions raised

by the affidavit of illegality. The former ruling of this court, holding that all the grounds of the first affidavit of illegality, except the single ground specified, were without merit, whether right or wrong, has become the law of this case and is binding on this court on this review thereof.

The special grounds of the motion for a new trial show no cause for a reversal of the judgment, the verdict was authorized by the evidence, and the refusal to grant a new trial was not error.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*